UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE DARNELL MCFARLAND, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-1147 SRW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in support of the Complaint. ECF No. 12. Defendant filed a Brief in Support of the Answer. ECF No. 13. Plaintiff filed a Reply. ECF No. 14. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**I.    Factual and Procedural Background**

On July 22, 2020, Plaintiff Eugene Darnell Mcfarland protectively filed applications for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq.*, and supplemental security income under Title XVI, 42 U.S.C. §§ 1381, *et seq.*, with an alleged onset date of January 6, 2017. Tr. 63, 77, 94, 230-38. Plaintiff's application was denied on initial consideration and reconsideration. Tr. 142-46, 150-56. On February 18, 2021, he requested a hearing before an

Administrative Law Judge ("ALJ"). Tr. 157-58. On September 15, 2021, Plaintiff amended his alleged onset date to March 5, 2019. Tr. 257.

Plaintiff appeared for a telephonic hearing, with the assistance of counsel, on September 15, 2021. Tr. 34-62. Plaintiff testified concerning his disability, daily activities, functional limitations, and past work. *Id*. The ALJ also received testimony from vocational expert ("VE") Brenda Young. *Id*. at 57-60. On November 2, 2021, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 9-33. Within the decision, the ALJ addressed Plaintiff's amended alleged onset as follows:

> The claimant's allegation of disability since March 5, 2019 constitutes an implicit request to reopen an adverse Title II and Title XVI determination dated February 26, 2020. The request is denied because the record does not show a good reason to reopen. Any reference to evidence pre-dating February 27, 2020 is merely made for historical purposes.

Tr. 12 (internal citations omitted). Thus, this Court will consider the onset date in this action to be February 27, 2020.

Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 195-97. On September 2, 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Accordingly, the ALJ's decision stands as the Commissioner's final decision.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

**II.     Legal Standard**

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains

3

the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work which exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At

4

Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

### III.  The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2024. Tr. 14. Plaintiff has not engaged in substantial gainful activity since February 27, 2020, the alleged onset date. Tr. 15. Plaintiff has the severe impairments of "right upper extremity neuropathy secondary to a history of a knife wound, right carpal tunnel syndrome, post-traumatic stress disorder, a depressive mood disorder, and an anxiety disorder." Tr. 15-16. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

5

impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 16-18. The ALJ found Plaintiff had the following RFC through the date last insured:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he should avoid hazards such as unprotected heights and moving mechanical parts. He can frequently complete feeling tasks with his right hand. He is able to perform simple routine tasks with minimal changes in job duties and setting. He should avoid fast-paced work. He can have occasional interaction with the general public, coworkers, and supervisors.

Tr. 18. The ALJ found Plaintiff is unable to perform any past relevant work as a building grounds supervisor. Tr. 26. The ALJ further found Plaintiff was born on November 5, 1968 and was 51 years old, which is defined as an individual closely approaching advanced age, as of February 27, 2020. *Id.* Plaintiff has at least a high school education. *Id.*

The ALJ determined the transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferrable job skills. *Id.* Relying on the testimony of the VE and considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs existing in significant numbers in the national economy which the Plaintiff could perform, including representative occupations such as janitorial work (*Dictionary of Occupational Titles* ("*DOT*") No. 323.687-014, with approximately 900,000 positions nationally), retail clerk (*DOT* No. 299.677-010, with approximately 4,000,000 positions nationally), and laundry folder (*DOT* No. 369.687-018, with approximately 105,000 positions nationally). Tr. 26-27. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from February 27, 2020 through the date of his decision, issued on November 2, 2021. Tr. 27-28.

IV.    Discussion

Plaintiff presents one narrow assignment of error. Plaintiff argues the ALJ erred by finding the opinions of State agency consultants, Stephen Scher, Ph.D., and Raphael Smith Psy.D., to be persuasive without including a discussion of why their opinions related to his adaptive limitations were different from the RFC. Although the Court has reviewed the underlying record in its entirety, the Court will limit its discussion to the ALJ's RFC assessment of Plaintiff's mental impairments related to his adaptive limitations only.

Dr. Scher completed a form 'Mental Residual Capacity Assessment' on September 11, 2020. Tr. 73-74, 87-88. Dr. Smith completed the same form Assessment on January 6, 2021 after Plaintiff requested a reconsideration of the initial denial. Tr. 106-10, 129-33. Within both Assessments, Drs. Scher and Smith provided identical responses when rating Plaintiff's 'adaption limitations.' Their assessments are as follows:

> Rate the individual's adaptation limitations:
>
> The ability to respond appropriately to changes in the work setting.
>     Moderately limited
>
> The ability to be aware of normal hazards and take appropriate precautions.
>     Not significantly limited
>
> The ability to travel in unfamiliar places or use public transportation.
>     Not significantly limited
>
> The ability to set realistic goals or make plans independently of others.
>     Not significantly limited
>
> Explain in narrative form the adaptation capacities and/or limitations:
>     *The claimant is capable of adapting to changes, which are predictable and introduced gradually due to past trauma of being stabbed.*

Tr. 74, 88, 109-10, 132-33 (emphasis added).

As to Plaintiff's limitations related to the adaption of changes in a work setting, the ALJ determined he was "able to perform simple routine tasks with minimal changes in job duties and

7

setting" and "should avoid fast-paced work." Tr. 18. In analyzing the opinions of Drs. Scher and Smith, the ALJ wrote:

> Stephen Scher Ph.D. offered opinions in a prior administrative medical determination. He found no limitations in understanding, remembering, and applying information. He found moderate limitations in all other areas of mental functioning. He indicated the claimant's symptoms were generally stable and functioning seemed mostly normal, though he noted irritability, feeling scared, lack of sleep, nightmares, depressed mood, and some dependence on his mother. He felt the claimant could concentrate, understand, and remember moderately complex tasks but stated stressors could cause some limitations. He felt the claimant would function best in a setting where there was little need for direct supervision or frequent interactions with coworkers and members of the public. He stated he could adapt to changes that were predictable and introduced gradually due to past trauma. Raphael Smith Psy.D. generally concurred in a reconsideration determination. He found mild limitations in understanding, remembering, and applying information, rather than no limitations such as Dr. Scher did, but he agreed to the moderate limitations in all other areas of mental functioning. He noted that the claimant's recent treatment showed good sleep, good mood, fair energy, and no side effects of his medications. Their opinions are persuasive as to the moderate limitations in interacting with others and adapting and managing himself. The evidence consistently noted complaints of irritability that could impact his ability to interact with others in the workplace. The evidence was also consistent in documenting nightmares, poor sleep, and depression consistent with moderate limitations in adapting and managing himself. However, the evidence does not support moderate limitations in maintaining concentration, persistence, and pace. The mental status examinations did not document impaired attention, concentration, or focus on a regular basis, which is inconsistent with moderate limitations in maintaining concentration, persistence, and pace.

Tr. 23 (internal citations omitted).

Plaintiff argues that while the ALJ limited him to minimal changes in job duties and setting and avoidance of fast paced work, the RFC did not expressly include the exact descriptions used by Drs. Scher and Smith that Plaintiff "is capable of adapting to changes, which are predictable and introduced gradually[.]" *See, e.g.*, Tr. 74. Plaintiff contends the ALJ erred when he failed to explain why he did not incorporate those exact findings into the RFC, despite finding the opinions of Drs. Scher and Smith to be persuasive.

8

An ALJ is not required to adopt or include all of the exact limitations assessed by a medical source, even if the source is found to be persuasive. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (in making an RFC determination, "we do not require an ALJ to mechanically list and reject every possible limitation"); *see also Cannady v. Colvin*, 2015 WL 139762, at *5 (W.D. Mo. Jan. 12, 2015) (ALJ not required to adopt all limitations proposed by a medical source, even if the ALJ affords significant weight to the source's opinion); *McGee v. Colvin*, 2015 WL 58484, at *4-5 (W.D. Mo. Jan. 5, 2015) ("An ALJ is not required to refute every alleged limitation.").

The Commissioner opposes Plaintiff's arguments and cites to a recent decision issued by the undersigned, *Beyes v. Kijakazi*, 2023 WL 1765185 (E.D. Mo. Feb 3, 2023). In *Beyes*, two non-examining consultative state agents submitted opinions regarding the plaintiff's ability to adapt in a work setting. Both doctors opined that the plaintiff would be "able to respond appropriately to minimal change within the work environment" and "to set goals and make plans with assistance." *Id.* at *9. The ALJ found the two opinions to be persuasive, but formulated the RFC to limit the plaintiff to "simple, routine tasks" with "simple routine work-related decisions" and "only gradual changes in job settings and duties." *Id.* at *10. The plaintiff argued the ALJ erred because the RFC did not include the exact adaptive limitations as opined by the two state agent doctors. The undersigned rejected the plaintiff's argument, explaining, in part:

> Plaintiff cites to *Masden v. Saul*, 2021 WL 3172934 (W.D. Mo. July 27, 2021) for support. In *Masden*, the court found that an RFC limiting the plaintiff to "few, if any workplace changes" did not adequately incorporate a medical opinion limitation that any changes in the workplace be "predictable and gradual." However, declining to find *Masden* persuasive, this Court more recently explained that a difference in the RFC's wording and a medical opinion's wording is not automatic error. *Deck v. Kijakazi*, 2022 WL 13688874 at *4 (E.D. Mo. Oct. 21, 2022). Instead, *Deck* explained that the question for the Court is whether the RFC's limitations are equivalent to the persuasive medical opinion's limitations

9

> or, in other words, whether there is any "meaningful difference between the two." *Id.*
>
> In this case, the ALJ limited Plaintiff to "simple, routine tasks" with "simple routine work-related decisions" and "only gradual changes in job settings and duties." Tr. 21. A gradual change while performing simple, routine tasks does not appear to be practically different from a minimal change while performing simple, routine tasks.

*Id.* As to the setting of goals and making plans without assistance limitations, the undersigned noted the ALJ explained elsewhere in the determination that although the opinions of these physicians were persuasive, the "evidence [did] not support an inability to fulfill goals." *Id.* at *11.

Similar to *Beyes,* in the present case the ALJ captured the requirement for changes to be predictable and introduced gradually by limiting him to minimal changes in job duties and setting, avoidance of fast-paced work, simple and routine tasks, and only occasional interaction with the general public, coworkers, and supervisors. Additionally instructive is *Deck v. Kijakazi* because the limitations analyzed in that case are identical to those in the instant case. 2022 WL 13688874. The plaintiff in *Deck* argued the ALJ erred because he failed to incorporate two consultative opinions indicating he should be limited to changes in the workplace that are "predictable and introduced gradually." *Id* at *4. The ALJ, similar to the decision in this case, limited plaintiff to only perform "routine tasks . . . but the work must not be at a fast pace such as an assembly line" and "limited to work that requires only occasional changes in the work setting." *Id.* The Court found "the ALJ properly incorporated the medical opinions' recommendations into the RFC" because "[a] limitation to 'routine work with gradual changes' is essentially the same as a limitation for 'predictable and gradual changes.'" *Id.* For the same reasons as in *Beyes* and *Deck*, this Court finds the ALJ's RFC adequately incorporates the medical opinions of Drs. Scher and Smith.

10

While Plaintiff cites to *Cook v. Kijakazi*, 2022 WL 4117028 (W.D. Sept. 9, 2022) for support, this Court does not find it instructive. In *Cook*, a physician opined that the claimant was capable of adapting to changes which were "predictable and introduced gradually." *Id.* at *3. The ALJ found the opinion to be persuasive, but, instead, limited claimant to "occasional work place changes" without including the predictable and gradual language or explaining why it was excluded from the RFC. *Id.* The Western District of Missouri remanded, in part, "to resolve the apparent unresolved conflict." *Id.* However, *Cook* is distinguishable here because it relied on *Masden v. Saul*, 2021 WL 3172934, which the Eastern District of Missouri subsequently found unpersuasive, holding that a minor difference in the RFC's wording and a medical opinion's wording should not be automatically treated as an error of law. *See Deck*, 2022 WL 13688874 at *4. The Court further notes that while the doctors in both *Cook* and the instant case used the same description regarding adapting to change which is "predictable and introduced gradually," a court is always required to examine the record as a whole. The record in *Cook* may have presented a conflict requiring remand. However, after reviewing the record as a whole in Plaintiff's case, the Court does not find a conflict requiring remand or an error of law.

As the Commissioner highlighted in his briefing, the ALJ's determination not only summarized the Plaintiff's mental health records but explained how the RFC limitations were formulated:

> The claimant's depression, anxiety, and PTSD were considered in determining the mental limitations. *His difficulties with depression, anxiety, tearfulness, and residual issues from his past trauma, including flashbacks and nightmares, were considered in limiting him to simple routine tasks with minimal changes in job duties and settings and precluding fast-paced to reduce stress and issues focusing due to trauma symptoms. His irritability, distrust of others, and isolation were considered in determining the social limits in the residual functional capacity.* The treatment records noted depressed and anxious mood, irritability, and constricted affect. He had periods of tearfulness while discussing his past trauma. However, treatment records generally documented no deficits in concentration, attention, focus, memory, or cognition. He had normal behavior and generally reported

11

> no side effects of his medications to his psychiatrist. Treatment records showed stable mental health impairments with no hospitalizations, referrals for intensive outpatient care, or increased frequency of psychiatric care given his stability.

Tr. 26 (emphasis added).

If an ALJ finds mental impairment, the ALJ is required to rate the degree of functional loss resulting from the mental impairment in four functional areas essential to work: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3).

The ALJ in this case thoughtfully considered Plaintiff's mental impairments, and the RFC addresses each of these four categories. The RFC limited Plaintiff to "simple routine tasks with minimal changes in job duties and setting. He should avoid fast-paced work. He can have occasional interaction with the general public, coworkers, and supervisors." Tr. 18. With respect to adaptability, Drs. Scher and Smith stated Plaintiff was capable of adapting to changes which are "predictable and introduced gradually." The RFC set forth by the ALJ addressed Plaintiff's adaptability by limiting him to "minimal changes in job duties and setting" while performing simple routine task, avoiding fast-paced work, with only occasional interactions with others. TR. 18.

The Court finds the RFC's limitations are equivalent to the persuasive medical opinions' limitations and finds no "meaningful difference between the two." *Deck*, 2022 WL 13688874 at *4. The Court finds no legal error in the ALJ's decision and finds substantial evidence on the record as a whole supports the Commissioner's decision, including the RFC.

As there is no legal error and substantial evidence supports the Commissioner's decision, the Court affirms the ALJ's decision. "Even if the ALJ could have gone into greater detail, the

ALJ is free to accept some, but not all, of a medical opinion." *Abraham v. Kijakazi*, 2023 WL 3948816, at *5 (E.D. Mo. June 12, 2023).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff Eugene Darnell Mcfarland's Complaint is **DISMISSED, with prejudice**. A separate judgment will accompany this Memorandum and Order.

So Ordered this 29th day of September, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE